COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Senior Judge Overton


SHORE HEALTH SERVICES, INC.,
 SHORE MEMORIAL HOSPITAL AND
 RECIPROCAL OF AMERICA
                                    MEMORANDUM OPINION*
v.   Record No. 2503-02-1                PER CURIAM
                                      FEBRUARY 4, 2003
ROBERTA JENNESTREET


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (George C. Dancigers; Antony K. Jones;
          Heilig, McKenry & Fraim, on briefs), for
          appellants.

          (Alan P. Owens, on brief), for appellee.


     Shore Health Services, Inc., Shore Memorial Hospital and

their insurer (hereinafter referred to as "employer") contend

the Workers' Compensation Commission erred in finding that

Roberta Jennestreet proved she remained totally disabled after

November 1, 2000 as a result of her injury by accident.  Upon

reviewing the record and the parties' briefs, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In ruling that Jennestreet sustained her burden of proof, the commission found as follows:

> [E]mployer relies on Dr. [Peter] Klara's November 1, 2000, report that places the claimant at maximum medical improvement and releases her to light-duty work. Dr. [Bruce] Tetalman, on the other hand, noted on November 1, 2000, that the claimant continued to be totally disabled. The deputy commissioner recognized this conflict and ruled that the claimant showed total disability. Dr. Klara performed surgery on the claimant's neck and treated her neurological problems. His associate, Dr. Tetalman, on the other hand, provided pain management treatment and also treated the claimant's depression caused by the accident. We believe that the deputy commissioner correctly weighed this evidence and found that the claimant proved she was totally disabled.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). The totality of Dr. Tetalman's medical records and opinions constitute credible evidence to support the commission's finding "that the claimant continued to be totally disabled." "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v.

Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).  As fact finder, the commission was entitled to weigh the medical evidence and to accept Dr. Tetalman's opinions regarding disability.  The commission found that the apparent conflict between Dr. Tetalman's opinion and Dr. Klara's opinion was not real and provided an explanation.  The record supports the commission's finding that Dr. Tetalman "provided pain management treatment and . . . treated claimant's depression," neither of which were addressed by Dr. Klara.  "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

For these reasons, we affirm the commission's decision.

Affirmed.